IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-10104
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLUFEMI A. FADIPE,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Northern District of Texas
_____

(January 24, 1995)

Before REAVLEY, DUHÉ and PARKER, Circuit Judges.

REAVLEY, Circuit Judge:

Olufemi A. Fadipe was convicted of bank fraud, in violation of 18 U.S.C. § 1344, and unlawful possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). He appeals the enhancement of his sentence under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(5). We vacate the sentence and remand for resentencing.

BACKGROUND

Fadipe submitted a credit application containing false information to Bank One. Keith Tidwell, the Assistant Vice President and Line of Credit Manager for Bank One, received the application and believed it to be fraudulent. He contacted the

United States Secret Service and agreed to cooperate in the investigation of Fadipe. Tidwell provided the Secret Service with a book of checks which the bank normally would have sent to Fadipe.

The Secret Service conducted a controlled delivery by placing the Bank One checks into Fadipe's apartment mail box. Police officers arrested Fadipe as soon as he retrieved the checks from the mail box and drove out of his apartment complex. The officers recovered a loaded gun from the front passenger area of Fadipe's automobile. The officers also found numerous applications for loans from various banks, records containing the personal and financial history of various individuals and other materials which could be used in bank fraud schemes.

A jury convicted Fadipe of bank fraud and unlawful possession of a firearm. At sentencing, the district court enhanced Fadipe's base offense level by four pursuant to U.S.S.G. § 2K2.1(b)(5). Fadipe appeals his sentence.

DISCUSSION

U.S.S.G. § 2K2.1 provides the applicable base offense levels for convictions relating to unlawful receipt, possession or transportation of firearms. U.S.S.G. § 2K2.1(b)(5) provides for a four-level enhancement of the applicable base offense levels "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The district court found that Fadipe had possessed the gun in his automobile in

connection with the felony of bank fraud and assessed a four-level enhancement under U.S.S.G. § 2K2.1(b)(5).

As a matter of law, we hold that the undisputed facts in this case fail to prove that the gun was used "in connection with" the bank fraud felony. See United States v. Reyes-Ruiz, 868 F.2d 698, 701 (5th Cir. 1989) (holding that questions of law relating to the Sentencing Guidelines should be reviewed de novo). The undisputed facts show no connection between the gun and Fadipe's bank fraud crime other than that the gun was present in Fadipe's automobile, along with other tools of Fadipe's bank fraud trade, when the checks were retrieved. The enhancement under U.S.S.G. § 2K2.1(b)(5) was improper.

In United States v. Condren, the Fifth Circuit upheld a finding that a firearm was possessed "in connection with" a drug felony, for the purposes of U.S.S.G. § 2K2.1(b)(5), where the firearm was merely present in a location near the drugs. 18 F.3d 1190 (5th Cir.), cert. denied, 115 S.Ct. 161 (1994). This Court took notice of the fact that "theft is a close and ever present partner of illegal drugs," and therefore upheld the trial court's finding that the gun was kept by the defendant to "help him protect his drug-related activities." Id. at 1198-1200. We approved the connection between the gun and the felony based on the mere presence of the gun, because it could be assumed from the gun's presence alone that the gun was to be used "in connection with" the felony as a method of protection of the felonious activity. This Court thought this interpretation of

3

U.S.S.G. § 2K2.1(b)(5) comported with the intent of the Guidelines to address the "real and obvious increase in the risk of violence" which exists whenever guns and drugs are found together.  Id. at 1199.

In this case, the checks which Fadipe received in the controlled delivery had his name, phone number and address on them.  It is not reasonable to assume that Fadipe had the gun present to prevent their theft.  The presence of a gun near instruments of bank fraud does not create the same automatic increase in the danger of physical violence that exists when drugs and guns are present together.

An enhancement under U.S.S.G. § 2K2.1(b)(5) is appropriate in a case involving a bank fraud felony where a gun is truly used "in connection with" the commission of the crime.  However, "[t]he connection between the firearm and the [bank fraud] felony must be proved."  Id. at 1199 n. 20.  No connection between the gun possessed by Fadipe and the bank fraud committed by Fadipe has been proved in this case.  The mere possession of a gun near the instruments involved in a fraudulent loan application scheme is insufficient to prove that the gun was used "in connection with" the bank fraud felony for purposes of the application of U.S.S.G. § 2K2.1(b)(5).  The sentencing enhancement assessed against Fadipe pursuant to U.S.S.G. § 2K2.1(b)(5) was improper.

Sentence VACATED and REMANDED for resentencing.

4