66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig BURRIS, Defendant-Appellant.
 No. 95-5049.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 24, 1995.
Decided Sept. 18, 1995.
 
 Parks N. Small, Federal Public Defender, Columbia, SC, for appellant.
 J. Preston Strom, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, SC, for appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Craig Burris was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1995). He was sentenced to a term of 57 months imprisonment, to run consecutively to the sentence he was serving when he acquired the firearm. USSG Sec. 5G1.3(a).* He appeals his sentence, arguing that the district court erred in finding that he possessed the firearm in connection with another felony and enhancing his sentence under guideline section 2K2.1(b)(5) as a consequence. Finding no error, we affirm.
 
 
 2
 The government's evidence showed that Burris had arranged for a firearm to be passed to him by a visitor while he was confined on a prior federal firearms conviction in South Carolina. Burris planned to wound himself with the gun, then file a federal lawsuit claiming that he had been shot by a guard. Burris hoped to gain a large financial settlement and early release. After a .22 caliber revolver was procured and delivered to him by a group of friends, Burris promised to pay another inmate $10,000 to shoot him. The inmate duly shot Burris in the shoulder at close range, and Burris subsequently told investigators that he had been shot by a guard. However, his story was not believed. His confederates disclosed his plan and testified at his trial.
 
 
 3
 After his conviction, Burris admitted the scheme to the probation officer, who recommended an enhancement for use or possession of a firearm in connection with another felony offense. USSG Sec. 2K2.1(b)(5). Burris filed no objections to the presentence report, but at the sentencing hearing defense counsel questioned the enhancement. After a lengthy discussion, the district court determined that Burris possessed the firearm in connection with a conspiracy to defraud the United States which--had it progressed as planned--would necessarily have involved the felonies of mail fraud and wire fraud.
 
 
 4
 Burris contends on appeal, first, that the rule of lenity should apply because the guideline is ambiguous and, second, that fraud is not the type of felony offense contemplated by the guideline. We fail to discern any ambiguity in the language of the guideline that would bring the rule of lenity into play. Nor does the guideline limit the other felony offense to one in which the firearm is used violently or for intimidation, as Burris suggests.
 
 
 5
 The commentary specifies that the term "another felony offense" refers to "offenses other than explosives or firearms possession or trafficking offenses." USSG Sec. 2K2.1, comment. (n.18). No other limitation is present except for the basic requirement that the firearm be used or possessed "in connection with" the other felony. Thus, the enhancement was not warranted for a convicted felon engaged in bank fraud who possessed a firearm which had no apparent connection to the bank fraud. United States v. Fadipe, 43 F.3d 993, 994 (5th Cir.1995). In this case, the firearm was an integral part of the intended fraud, the connection is clear, and the enhancement was proper.
 
 
 6
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)