# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-41242
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN PHILLIP HUGHS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-113-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

John Phillip Hughs appeals the sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm. He contends the district court erred by increasing his sentence for possessing a firearm in connection with possession of methamphetamine, pursuant to U.S.S.G. § 2K2.1(b)(6). Hughs asserts the adjustment was inapplicable because there was no evidence his use or possession of the firearm facilitated or made more dangerous any other felony offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g., United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

The loaded shotgun in Hughs' van was readily available to Hughs to protect his drug-related activities and had the potential to facilitate those activities. United States v. Conden, 18 F.3d 1190, 1200 (5th Cir. 1994); § 2K2.1 cmt. n.14(A). There is an "automatic increase in the danger of physical violence . . . when drugs and guns are present together". United States v. Houston, 364 F.3d 243, 250 (5th Cir. 2004) (quoting United States v. Fadipe, 43 F.3d 993, 994-95 (5th Cir. 1995)). Therefore, the district court did not err in applying an increase to Hughs' sentence pursuant to § 2K2.1(b)(6). See United States v. Condren, 18 F.3d 1190, 1200 (5th Cir. 1994); § 2K2.1 cmt. n.14(A).

AFFIRMED.