IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-51568
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID DONATO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-616-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

David Donato pleaded guilty conditionally to possession of a firearm by a felon and possession of an unregistered firearm, in violation of 18 U.S.C. § 922(g), and 26 U.S.C. § 5861(d), respectively. He now appeals the district court's denial of his motion to suppress and the imposition of a sentencing enhancement. Finding no error, we affirm.

Donato first argues that the warrant issued for his arrest and to search his residence was not based on probable cause. We employ a two-step analysis in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

such cases, looking first to whether the "good faith" exception to the exclusionary rule applies, and if not, we then determine whether the issuing magistrate had a substantial basis for finding probable cause. See United States v. Cherna, 184 F.3d 403, 407 (5th Cir. 1999). We are satisfied that the "good faith" exception applies. The affiant had first-hand information from an informant who personally observed Donato in possession of methamphetamine; the informant was aware that incorrect or false information could affect his chances for leniency on pending charges and subject him to criminal liability; and the affiant verified Donato's address. These facts are indicia of reliability. See Illinois v. Gates, 462 U.S. 213, 234 (1983); United States v. Phillips, 727 F.2d 392, 398 (5th Cir. 1984). Although the affiant did not include other information, that information did not cast doubt on the reliability of the informant. Further, we cannot say that the information was so dated that reliance on the warrant was unreasonable. See United States v. Pena-Rodriguez, 110 F.3d 1120, 1130 (5th Cir. 1997).

Donato's conclusory assertion that the seizure of weapons exceeded the warrant's scope is without merit under the plain view doctrine. See United States v. Waldrop, 404 F.3d 365, 368 (5th Cir. 2005). As for Donato's contention that the arrest occurred at a location other than that listed in the search warrant, he does not expressly argue that the arrest was therefore unlawful, nor does he provide any legal citation or analysis to support such a proposition. Thus, to the extent that he raises the location of the arrest as a separate issue, he has abandoned it. See United States v. Torres-Aguilar, 352 F.3d 934, 936 n. 2 (5th Cir. 2003). In sum, the district court committed no error in denying the motion to suppress.

Donato next argues that the court erred in imposing an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5), which provides for a four-level increase if firearms are possessed in connection with another felony, in this case, drug possession. We find this case materially indistinguishable from United States

v. Condren, 18 F.3d 1190, 1194 (5th Cir. 1994). Numerous firearms, some of which were loaded, were found in Donato's house, in the presence of methamphetamine and items used in the manufacture of methamphetamine. The imposition of the enhancement was not erroneous. See id.

Finally, we note that Donato's brief fails to discuss Condren or any Fifth Circuit precedent analyzing § 2K2.1(b)(5), relying solely on precedent from other circuits; it asserts that the firearms were discovered in a locked closet, although that assertion is contrary to undisputed testimony; and it offers only conclusory arguments in several instances without providing proper legal citation or analysis. We caution counsel that such deficiencies in future filings with this court will invite the imposition of sanctions. See Baulch v. Johns, 70 F.3d 813, 816-18 (5th Cir. 1995); Coghlan v. Starkey, 852 F.2d 806, 809, 811-18 (5th Cir. 1988) (per curiam).

AFFIRMED; SANCTION WARNING ISSUED.