REVISED JULY 15, 2010
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2010

Lyle W. Cayce
Clerk

No. 09-31113
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES R. YOUNG,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-9-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Charles R. Young appeals his 137-month sentence imposed following his guilty plea to possession with intent to distribute five grams or more of cocaine base. The district court departed upward incrementally from criminal history category II to category VI, which resulted in a guideline range of 110 to 137 months. Young argues that his sentence is procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to Gall v. United States, 552 U.S. 38, 51 (2007), we engage in a bifurcated analysis of the sentence imposed. United States v. Delgado-Martinez, 564 F.3d 750, 752 (5th Cir. 2009). Our first query is whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range. Id. at 751-53. If the district court's decision is procedurally sound, we then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. In exercising this bifurcated process, we review the district court's application of the Guidelines de novo and its factual findings for clear error. United States v. Jeffries, 587 F.3d 690, 692 (5th Cir. 2009).

Young asserts that his sentence is procedurally unreasonable because the court's decision to depart upward resulted from its mistaken belief that it had no authority to account for the sentencing disparities between crack cocaine and powder cocaine. As Young raised the issue in the district court, he has preserved the issue for review. Young's assertion, however, is belied by the record. In addressing Young's objection to the calculation of his base offense level, the district court correctly observed that the appropriate base offense level was the one set forth in the United States Sentencing Guidelines and that the court's hands were tied as far as the base offense level calculation went. At no point did the district court indicate a belief that it had no authority to impose a lower guideline sentence if it chose to do so. Morever, it is clear from the record that the district court's decision to upwardly depart was based on Young's extensive criminal history, the likelihood of recidivism, and the need to protect the public.

Young maintains that the district court committed a second procedural error by basing its decision to depart upward almost exclusively on his arrest record. Because Young did not raise this issue in the district court, our review is for plain error. See Puckett v. United States, 129 S. Ct. 1423, 1429 (2009).

The consideration of prior arrests, without more, is specifically prohibited by the Guidelines as a ground for an upward departure. U.S.S.G. § 4A1.3(a)(3); United States v. Jones, 444 F.3d 430, 434 (5th Cir. 2006). The record indicates, however, that the district court's statements regarding Young's arrests were merely a part of the court's recitation of Young's lengthy and often violent criminal history and its determination that his criminal history category was underrepresented. It is apparent from the record that the departure was based on more than the mere fact of Young's arrests.

Even if it is assumed that Young's arrest record was a factor in the district court's decision to depart upward, the court imposed an alternative sentence of 137 months as a variant sentence. This court has not yet determined whether prior arrests, without more, may be factored into a non-Guidelines sentence pursuant to § 3553(a), and we need not do so now. See United States v. Lopez-Velasquez, 526 F.3d 804, 807 (5th Cir. 2008). As noted above, Young's variant sentence was based on more than his arrest record alone. Accordingly, the district court committed no procedural error.

Young next contends that his 137-month sentence is substantively unreasonable. A sentence that results from a guideline-authorized upward departure, as is the case here, is considered to be a guideline sentence. See United States v. Tzep-Mejia, 461 F.3d 522, 525 (5th Cir. 2006). Reasonableness review, in the context of a guidelines departure, requires us to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). Because Young did not object to the substantive unreasonableness on the grounds that he advances on appeal, however, our review is for plain error. See United States v. Peltier, 505 F.3d 389, 390-92 (5th Cir. 2007).

The district court gave lengthy, detailed reasons for its departure, noting the seriousness of Young's offense, the seriousness of his involvement in the drug

trafficking culture in general, his violent criminal history, the need to promote respect for the law, and the need to protect the public from future crimes. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Young's disagreement with the district court's assessment of his sentence is insufficient to show that it is unreasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.