# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-50663
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CECIL EARL REED

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-300-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cecil Earl Reed appeals his sentence following his guilty plea to being a felon in possession of a firearm. Reed was sentenced to 51 months of imprisonment and three years of supervised release. Reed argues that the district court erred in imposing an enhancement pursuant to U.S.S.G. § 2K2.1(b)(6), which provides for a four-level increase if firearms are possessed in connection with another felony offense, in this case, drug possession. Reed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that there was an insufficient nexus between the firearm and the drug offense.

Under the law of this circuit set forth in United States v. Armstead, 114 F.3d 504, 511 (5th Cir. 1997), and United States v. Condren, 18 F.3d 1190, 1194 (5th Cir. 1994), the § 2K2.1(b)(6) enhancement was appropriate.  Reed's firearm was located in close proximity to both Reed himself and the drugs.  Additionally, because the firearm was underneath Reed's seat, it was "readily available to [Reed] to protect his drug-related activities" and had the potential of facilitating his drug-related activities.  Condren, 18 F.3d at 1200; § 2K2.1, comment. (n.14(A)).  Therefore, the imposition of the enhancement was not erroneous.  See Armstead, 114 F.3d at 511-12; Condren, 18 F.3d at 1199-1200.

Accordingly, the district court's judgment is AFFIRMED.