**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 6, 2009

Charles R. Fulbruge III
Clerk

No. 09-50042
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VINCENT MARONE JEFFRIES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before KING, STEWART, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Defendant Vincent Jeffries appeals his sixty-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Jeffries argues that the district court miscalculated his Guidelines sentence by erroneously applying a four-level enhancement pursuant to section 2K2.1(b)(6) of the Sentencing Guidelines for possessing a firearm "in connection with" another felony offense, namely, possession of crack cocaine. U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2K2.1(b)(6) (2007). For the following reasons, we VACATE the sentence and REMAND for re-sentencing.

## I. Facts & Proceedings in the District Court

On October 16, 2008, Mr. Jeffries pleaded guilty to a single count of violating § 922(g)(1) following his arrest on March 15 of that year for possession of a firearm. The Probation Office returned a Presentence Investigation Report ("PSR") recommending a base offense level of twenty with a three-level downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), (b), and a four-level enhancement for possession of a firearm "in connection with another felony offense," *see* U.S.S.G. § 2K2.1(b)(6), yielding a total offense level of twenty-one. Mr. Jeffries filed a single, late objection to the PSR arguing that the section 2K21.1(b)(6) enhancement was improper.[1]

At his sentencing hearing on January 7, 2009, Mr. Jeffries testified that he had taken the gun at issue from a man (referred to in the record only as "Mississippi") in the course of a violent altercation shortly before his arrest. According to Mr. Jeffries's testimony, after taking the gun, he got into his car, picked up his girlfriend, Laurie Krumpfer, and almost immediately thereafter was stopped by police responding to calls concerning Mr. Jeffries's fight with Mississippi. Mr. Jeffries told the officers that he had a gun in the car and gave his version of the circumstances while being arrested. In the course of a subsequent search of Mr. Jeffries's car, the police located both the gun and a single rock of crack cocaine. The gun was located on the driver's seat and the cocaine on the floor behind the driver's seat. At the sentencing hearing, Mr.

---

[1] Federal Rule of Criminal Procedure 32(f)(1) requires all parties to state any objections to the PSR within fourteen days after receipt, but the court "may, for good cause, allow a new objection to be raised at any time before imposing sentence." FED. R. CRIM. P. 32(i)(1)(D). Mr. Jeffries filed his objection eleven days late, notwithstanding his characterization of the objection on appeal as "timely." The district court therefore had discretion to consider or to disregard the objection. *See United States v. Wheeler*, 322 F.3d 823, 827 (5th Cir. 2003). The record reflects, however, that the district court here considered and chose to overrule the objection; it did not simply disregard the objection, which would have limited our review to plain error. *See id.* We also note that the Government does not seek plain error review.

Jeffries denied that the cocaine belonged to him, claiming that Ms. Krumpfer had put it in his car without his knowledge.

In response, the Government introduced testimony from local police primarily concerning Mr. Jeffries's sole possession of the car in order to support the inference that the cocaine belonged to Mr. Jeffries. The same testimony also established that Ms. Krumpfer did not admit during Mr. Jeffries's arrest that the cocaine belonged to her. Ms. Krumpfer herself did not testify at the proceedings.[2] The Government also offered evidence that the police had received reports in connection with the fight between Mr. Jeffries and Mississippi that Mr. Jeffries had possession of the gun in his car before the fight began.

The district court overruled the objection without explanation, accepted the PSR without change, and imposed a within-Guidelines sentence of sixty months imprisonment. Without the enhancement, the Guidelines range would have been between thirty-seven and forty-six months.[3] Mr. Jeffries timely appealed his sentence, again arguing only that section 2K2.1(b)(6) is inapplicable here. Because we conclude that the specific facts of this case cannot support the district court's implicit conclusion that Mr. Jeffries's possession of a firearm "facilitated, or had the potential of facilitating," the felony offense of cocaine possession as Application Note 14(A) to section 2K2.1 now requires, we VACATE Mr. Jeffries's sentence and REMAND for re-sentencing.

---

[2] Mr. Jeffries produced a handwritten note purportedly from Ms. Krumpfer at sentencing acknowledging that she had left the cocaine in the car. The note, which was unsworn and vague, does not appear to have played a substantial role in the district court's decision.

[3] Mr. Jeffries was assigned a criminal history category of IV, which is not appealed. Applying both the enhancement and the acceptance of responsibility adjustments, Mr. Jeffries's offense level was twenty-one, whereas without the challenged enhancement, his offense level would have been seventeen.

## II. Standard of Review

In *Gall v. United States*, 128 S. Ct. 586, 596–97 (2007), the Supreme Court bifurcated the process for reviewing a sentence. Under *Gall*, we must assess whether the issue complained of on appeal constitutes a "significant procedural error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If it does not, we then review the "substantive reasonableness" of the sentence for abuse of discretion. *Id.* Arguments about a district court's application of Sentencing Guideline enhancements fall under the "claim of significant procedural error" heading. *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008) ("An error in applying the guidelines is a significant procedural error that constitutes an abuse of discretion.") (citing *Gall*, 128 S. Ct. at 597). In examining such alleged procedural errors, we review the district court's interpretation of the Sentencing Guidelines de novo, and we review any factual determinations made in sentencing for clear error. *Cisneros-Gutierrez*, 517 F.3d at 764. "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Brown*, 470 F.3d 1091, 1094 (5th Cir. 2006) (quotation omitted).

## III. Discussion

Section 2K2.1(b)(6) of the Sentencing Guidelines provides for a four-level enhancement to a sentence for a conviction under § 922(g)(1) where "the defendant used or possessed any firearm . . . in connection with another felony offense." In 2006, the Sentencing Commission issued a new Application Note to that section to provide definition to the phrase "in connection with" in order to resolve "a circuit conflict pertaining to the application of [then] § 2K2.1(b)(5) [now § 2K2.1(b)(6)] . . . specifically with respect to the use of a firearm 'in connection with' burglary and drug offenses." U.S.S.G. app. C. supp., amd. 691, at 177. The Application Notes now provide that "in the case of a drug *trafficking* offense in which a firearm is found in close proximity to drugs, drug-

manufacturing materials, or drug paraphernalia" the enhancement automatically applies because the Sentencing Commission has concluded that "the presence of the firearm has the potential of facilitating" these types of offenses. § 2K2.1 cmt. n.14(B)(ii) (emphasis supplied). By contrast, for all other felony offenses that are *not* drug trafficking offenses (or burglary, which is separately addressed), the enhancement only applies "if the firearm . . . facilitated, or had the potential of facilitating," that offense; no presumption is made. *Id*. cmt. n.14(A). The Government correctly concedes here that the "other felony offense" of drug *possession* is properly analyzed under Application Note 14(A), not 14(B)(ii). *See, e.g.*, *United States v. Jenkins*, 566 F.3d 160, 163–64 (4th Cir. 2009); *United States v. Fuentes Torres*, 529 F.3d 825, 827 (8th Cir. 2008). Under the new comment, there can therefore be no automatic conclusion that Mr. Jeffries's possession of the firearm was "in connection with" his possession of cocaine just because the two are located in the same vehicle.

Instead, we may only affirm the district court's application of the enhancement if it is "plausible" in light of the record as a whole that Mr. Jeffries's possession of the firearm "facilitated, or had the potential of facilitating," the drug possession.[4] *See United States v. Anderson*, 559 F.3d 348, 357–58 (5th Cir. 2009) (reviewing district court's finding that possession of a firearm was "in connection with" another offense for clear error). The record here is devoid of evidence that would support any finding that Mr. Jeffries's possession of the firearm "facilitated" his possession of cocaine. At best, the Government has shown only that Mr. Jeffries possessed cocaine and a firearm at the same time. Such a showing would be sufficient to satisfy the "in

---

[4] Neither the district court nor the PSR made this finding explicitly. Indeed, the PSR, which the district court adopted without change, merely states that, "[b]ased on the defendant's possession of both a firearm and 'crack' cocaine on the date of the instant offense," the enhancement is applied.

connection with" requirement were the other offense cited a drug trafficking offense, but it is not sufficient to satisfy the higher "facilitation" standard required since 2006 for drug possession offenses.

The Government argues that our decision in *United States v. Condren*, 18 F.3d 1190, 1197–98 (5th Cir. 1994), in which this circuit first construed the enhancement that is now § 2K2.1(b)(6), supports its argument that mere physical proximity, without more, is enough. In *Condren*, we discussed the defendant's possession and distribution of drugs. While we extensively analyzed the "in connection with" requirement as it applied to possession, we were mindful of the actual context of the case—Condren was a drug distributor. 18 F.3d at 1198 ("As to the quantity, it must be kept in mind that Condren was actively involved in distributing cocaine . . . ."). Thus, two key differences exist between the situation in *Condren* and the one we now face: the lack of any evidence of current or recent drug distribution or sales or any kind by Jeffries,[5] and the text of the new comment, including its distinction between drug trafficking and other offenses. The Government's argument simply reads out the difference between the two subsections of the new comment under which physical proximity is enough by itself where the crime is "drug trafficking" but something more must be shown for other felonies. If the comment had intended to allow a "mere proximity" argument to suffice for all drug crimes, it would have said so. It did not. *Condren*, then, does not require affirmance now that the Sentencing Commission has spoken definitively on the question and provided a new standard requiring a showing of facilitation. *Cf. United States v. Rodriguez-Parra*, 581 F.3d 227, 229 n.3 (5th Cir. 2009) ("Application notes are given controlling weight so long as they are not plainly erroneous or inconsistent with

---

[5] Other than the charge emanating from this situation, Jeffries has no cocaine-related offenses. His only drug convictions – one for possession of marijuana and one for distribution of marijuana and another drug – were more than twenty years ago.

the guidelines."); *see also Anderson*, 559 F.3d at 357 & n.16 (5th Cir. 2009) (noting that Application Note 14 "reinforces this court's prior practice" and citing *Condren* as a "drug distribution" case).

The Government cites to the unpublished opinions of *United States v. Hughs*, 284 F. App'x 138, 138–39 (5th Cir. 2008) (unpublished), and *United States v. Reed*, 273 F. App'x 401, 402 (5th Cir. 2008) (unpublished), as "mere possession" cases[6] in which application of the enhancement was affirmed. The brief opinions in *Hughs* and *Reed* do not discuss how the new comment might or might not impact upon prior precedent, the difference between the two new comments, the way the alleged activities of the defendants giving rise to the application of the enhancement facilitated the "other offense," or even the facts of the drug offense. As such, they do not provide persuasive guidance to our analysis here.[7]

We instead borrow from the rule set forward by the Eighth Circuit—and already adopted by the Fourth Circuit before us—that Application Note 14(A) requires that, when the "other offense" is possession only of a "user" quantity of drugs and no evidence is presented that the defendant is a trafficker, the evidence (under a preponderance of the evidence standard) must support a finding that the firearm facilitated or had the potential to facilitate the drug possession in order to apply the enhancement. *United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009)("when the defendant subject to a 2K2.1(b)(6) adjustment possesses a 'user' amount of drugs and is not a trafficker, instead of

---

[6] The Government acknowledges that unpublished cases are not precedent. *See* 5TH CIR. R. 47.5.4.

[7] *United States v. Donato*, 250 F. App'x 117, 119 (5th Cir. 2007) (unpublished), another unpublished case affirming application of the enhancement, discussed that the firearms "were found in Donato's house, in the presence of methamphetamine and items used in the manufacture of methamphetamine." Thus, it would be plausible for the district court in that case to conclude that it involved drug trafficking.

automatically applying the adjustment when both drugs and weapons are both involved in the offense, the district court must affirmatively make a finding that the weapon or weapons facilitated the drug offense before applying the adjustment."); *see also Jenkins*, 566 F.3d at 163–64 *United States v. Smith*, 535 F.3d 883, 885–86 (8th Cir. 2008); *Fuentes-Torres*, 529 F.3d at 827–28.

We do not disagree that such a potential "will usually be found," as *Anderson*[8] suggests, *see* 559 F.3d at 357, but "usually" is not "always," and the nexus cannot simply be presumed, as appears to have been the case here.[9] The district court here made no finding of facilitation, nor do we find such a finding plausible in light of the record as a whole, even accepting for purposes of this analysis that the rock of cocaine located behind Jeffries's seat was "his." The facts here are too sparse to support the conclusion that Mr. Jeffries's possession of a gun "emboldened" him to engage in the crime of cocaine possession, *see, e.g.*, *Jenkins*, 566 F.3d at 164; *Smith*, 535 F.3d at 886, or that it served to "protect" such a small amount of drugs, *see, e.g.*, *Jenkins*, 566 F.3d at 164; *United States v. Angel*, 576 F.3d 318, 322 (6th Cir. 2009); *United States v. Gambino-Zavala*, 539 F.3d 1221, 1230 (10th Cir. 2008). While this court and other courts may well frequently reach those conclusions where there is evidence to support them, the evidence that would allow us to draw those conclusions must be something more

---

[8] *Anderson* involved a drug trafficking offense. 559 F.3d at 357-58 ("The government presented considerable evidence linking the gun to drug distribution. . . . All this is certainly sufficient to support the finding that 'this gun was possessed in connection with [Anderson's] drug-trafficking business.'"(internal citation omitted)).

[9] As noted above, the PSR, which the district court adopted, states in support of application of the enhancement only that, on "[t]he date the instant offense occurred officers searched the defendant's vehicle, where they discovered the firearm and a single 'rock' of 'crack' cocaine. The defendant has been charged with Possession of a Controlled Substance in Bell County Cause Number 63210. Based on the defendant's possession of both a firearm and 'crack' cocaine on the date of the instant offense, the base offense level will be increased accordingly." A critical step—namely, any nexus between the firearm possession and the drug possession—is missing from this statement.

than the simultaneous possession of a small quantity of drugs and a gun in the same vehicle standing alone; otherwise, the limitation of Application Note 14(B)(ii) to drug trafficking has no effect. We find no such evidence in the record here.

## IV. Conclusion

Because we find that the record does not support the conclusion that Mr. Jeffries unlawfully possessed a firearm in connection with the felony offense of cocaine possession, the application of the enhancement under section 2K2.1(b)(6) of the Guidelines was improper. That error is significant procedural error for purposes of *Gall*, and we therefore VACATE the district court's sentence and REMAND for re-sentencing.