# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 11, 2011

No. 11-10101
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN K. BENSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-148-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bryan K. Benson appeals the loss and restitution amounts affecting his sentence for making a false claim against the United States. We affirm.

Benson, as co-owner of BNS Wholesale (BNS), won several "bid without exception" contracts with the United States Department of Defense (DOD) to provide a number of very specific products. Many were essential to weapons performance or the lives and safety of military personnel. BNS nevertheless

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

furnished counterfeit parts, parts made by manufacturers other than those specified by the contracts, or surplus parts rather than newly manufactured parts. The presentence report noted that the DOD ordered the nonconforming parts removed from inventory. The PSR calculated the loss to the government, and the corresponding amount of restitution at $342,244.78, which was the total value of the contracts.

Benson did not object to the loss and restitution calculation until the sentencing hearing, when he asserted that he should get credit for the actual value of the goods he provided to the government, even though they were not in conformance with contract requirements. He offers his cost for the nonconforming parts as a proxy for the actual value of those parts to the government.

The district court noted that Benson's objection to the loss amount came too late for the government or the Probation Officer to respond, but it allowed Benson to argue the issue as a ground for a variance or departure from the guidelines sentence. The court concluded that $342,244.78, the full price paid by the government, was the proper restitution amount.

The government asserts that the proper standard of review is "plain error" because Benson did not make timely objections to the PSR as required by Federal Rule of Criminal Procedure 32(f)(1). *See United States v. Jeffries*, 587 F.3d 690, 691 n.1 (5th Cir. 2009). Benson counters that the district court ruled on the merits of his objection so that his claim was preserved for appeal, *see id.* We need not resolve the issue, however, because Benson's claims fail even under the standards of review that he advocates.

We review the amount of loss for clear error but the methodology of the calculation de novo. *United States v. Murray*, 648 F.3d 251, 254 (5th Cir. 2011). "A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole." *United States v. McMillan*, 600 F.3d 434, 457-58 (5th Cir. 2010). The district court was required to make only a reasonable estimate

of the loss. *Murray*, 648 F.3d at 255; § 2B1.1, comment. (n.3(C)). Generally, "loss is the greater of actual loss or intended loss," and actual loss includes "reasonably foreseeable pecuniary harm." § 2B1.1, comment. (n.3(A)(i)). The defendant's gain may be used "as an alternative measure of loss only if there is a loss but it reasonably cannot be determined." *Id.* (n.3(B)).

Benson has failed to show that the district court committed any legal error in declining to use his profit as the measure of the government's loss. None of the decisions he cites hold that the value of nonconforming goods in a criminal fraudulent-claim case must be set off against the government's losses. The PSR formulated a facially reasonable estimate of damages by reporting that the government paid $342,244.78 for parts which did not meet its exact specifications and which were removed from the supply inventory.

Even if Benson were correct that, as a matter of law, there should be an offset for the value of goods received and retained by the government, his contention fails on factual grounds. Benson argued in the district court only that some of the parts he provided were made by the specified manufacturers, that none of the parts failed, and that the government "got something" for its money. He also suggests, for the first time on appeal, that the parts were not actually "defective" or inferior to those specified. The government contends, also for the first time on appeal, that the record confirms that it did not retain the deficient parts or receive "fair market value" for them because they had to be removed from the supply chain.

The PSR noted that the deficient products were "removed," consistent with the government's assertions. The PSR is generally presumed accurate "and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (internal quotation marks and citation omitted). Benson presented no rebuttal evidence in the district court to show how many parts

actually conformed to the contract specifications or were retained by the government, and the record established only what he paid for the nonconforming parts, not what their actual value was to the government. Benson failed to show that the district court's estimate of loss was unreasonable, or clearly erroneous, or that the PSR's factual findings were wrong or unreliable. The challenge to the loss amount lacks merit. *See Murray*, 648 F.3d at 254; *McMillan*, 600 F.3d at 457-58.

Benson's challenge to his restitution order also fails. "A restitution award is reviewed for an abuse of discretion." *United States Crawley*, 533 F.3d 349, 358 (5th Cir. 2008). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted). Accordingly, the amount of the restitution is reviewed for clear error. *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006); *United States v. Cihak*, 137 F.3d 252, 264 (5th Cir. 1998).

Restitution is tied to the loss suffered by the victim and "not the defendant's gain from his illegal conduct." *United States v. Arledge*, 553 F.3d 881, 899 (5th Cir. 2008). Benson agreed that the extent of his restitution obligation would not be limited to his single count of conviction but could include his total offense conduct. *See* 18 U.S.C. § 3663(a)(3). As the amount of loss found by the district court was not clearly erroneous, the restitution order was not an abuse of discretion. *See Crawley*, 533 F.3d at 358; *Cihak*, 137 F.3d at 264.

The judgment of the district court is AFFIRMED.