# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11000

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT ROSALES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-30-1

Before KING, JONES, and ELROD, Circuit Judges.

PER CURIAM:*

Appellant Robert Rosales pled guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and received a two-point enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. On appeal, he challenges this two-point enhancement. The evidence in the record is sufficient to support the enhancement. The judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11000

## BACKGROUND

Robert Rosales pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B).  The presentence report (PSR) assessed a base offense level of 38 for a quantity of 204,170 kilograms of marijuana equivalent.  Among other enhancements, the PSR applied a two level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.  Rosales objected to this two-level enhancement and the district court overruled his objection.

Rosales's total offense level was set at 41.  Given his criminal history category of III, Rosales faced an advisory guidelines range of imprisonment of 360–480 months, as limited by the statutory maximum term of imprisonment.  The district court adopted the PSR and the reasoning set forth in the Addendum to the PSR.  The district court sentenced Rosales to 360 months of imprisonment followed by four years of supervised release.  Rosales timely appealed.

## DISCUSSION

On appeal, Rosales argues that the district court erred in applying the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. Rosales does not dispute his control of the premises.  He contends, however, that storing methamphetamine for distribution was not a "primary use for the premises," but that his legitimate use of the premises outweighs the evidence of illicit activity that occurred at the residence.  He also argues that the 85 grams of methamphetamine found in his residence, although a large amount for an individual, was nonetheless for his personal use because he was a heavy methamphetamine user.

2

No. 16-11000

The district court's application of § 2D1.1(b)(12) is a factual finding that this court reviews for clear error. *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009) (quotation and citation omitted). Information in the PSR is "presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate, or unreliable." *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (internal citation and quotations omitted).

Section 2D1.1(b)(12) provides a two-level enhancement of a defendant's offense level if the defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance." In applying the enhancement, the Guidelines commentary instructs the court to consider whether a defendant "held a possessory interest in (e.g. owned or rented) the premises" and the extent to which he "controlled access to, or activities at, the premises." § 2D1.1, comment. (n.17). "Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises," not merely the defendant's "incidental or collateral use for the premises." *Id.* The court considers "how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes." *Id.*

According to the Addendum to the PSR, agents observed Rosales leave his rental residence and drive directly to a pre-arranged location to sell 1-kilogram of methamphetamine. The record further provides that agents found 85 grams of methamphetamine in Rosales's home and a digital scale in his

3

No. 16-11000

kitchen, which suggests that Rosales was using methamphetamine for distribution purposes. Rosales presented no evidence demonstrating that the facts contained in the PSR were untrue. *See United States v. Cervantes*, 706 F.3d 603, 620-21 (5th Cir. 2013) (noting that the defendant has the burden to demonstrate that information in the PSR is inaccurate or materially untrue). In light of this record evidence, it is plausible that the distribution of methamphetamine was a primary use of Rosales's residence. *See United States v. Guzman-Reyes*, 853 F.3d 260, 265 (5th Cir. 2017). The evidence is sufficient to support the enhancement. The district court did not clearly err. *See Haines*, 803 F.3d at 744.

## CONCLUSION

The appellant's sentence is **AFFIRMED**.