# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10800
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

LEE CURTIS BELL, JR.,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-CR-510-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Lee Bell, Jr., appeals his sentence for being a felon in possession of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10800

firearm in violation of 18 U.S.C. § 922(g)(1).  He contends that the district court clearly erred in applying the U.S.S.G. § 2K2.1(b)(6)(B) enhancement because there was no evidence that he possessed the firearm in connection with the distribution of marihuana.  He emphasizes that the officers did not discover any evidence indicative of distribution, such as scales, ledgers, or cash.  Bell posits that the number of baggies and amount of marihuana found on him actually support the conclusion that it was only for personal use.  Bell also underscores that the decision to charge him only with possession should weigh against application of the enhancement.

The district court's interpretation of the guidelines is reviewed *de novo*, its factual findings for clear error.  *United States v. Stanford*, 823 F.3d 814, 843 (5th Cir.), *cert. denied*, 137 S. Ct. 453 (2016).  The government must prove, by a preponderance of the evidence, the facts forming the basis of a sentencing enhancement.  *United States v. Serfass*, 684 F.3d 548, 553 (5th Cir. 2012).  If the district court's findings are plausible in light of the entire record, there is no clear error.  *Id.* at 550.

The number of baggies with at least some amount of marihuana, along with a phone call in which Bell discussed having additional baggies before his arrest, supported a finding of current or recent drug sales.  *See United States v. Jeffries*, 587 F.3d 690, 693−94 (5th Cir. 2009).  Moreover, the fact that the government did not charge Bell with distribution is of no consequence.  *See* § 2K2.1(b)(6)(B), comment. (n.14(C)).  Considering the clear-error standard of review and the government's burden to establish the enhancement by a preponderance of the evidence, the district court could infer plausibly that Bell possessed the firearm in connection with distribution.  *See Serfass*, 684 F.3d at 550, 553.  Accordingly, there was no clear error in the application of the § 2K2.1(b)(6)(B) enhancement.  *See id.*

No. 17-10800

Finally, Bell's notion that § 922(g) is unconstitutional because it regulates conduct that falls outside the Commerce Clause is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). Similarly, the failure of the indictment to allege that Bell knew the firearm traveled in interstate commerce is not reversible error. *See United States v. Rose*, 587 F.3d 695, 705–06 & n.9 (5th Cir. 2009).

AFFIRMED.