# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2020

Lyle W. Cayce
Clerk

No. 19-51084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TYRONE ROBERT JAVAR MCGRUDER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-145-1

Before KING, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tyrone Robert Javar McGruder pleaded guilty to one count of being a felon in possession of a firearm. He now raises two challenges to the district court's calculation of his advisory guidelines range. Although we generally review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error, *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013), McGruder's arguments are unpreserved and therefore subject

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51084

to review only for plain error, *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The record reflects that McGruder admitted selling marijuana after law enforcement officers searched the trunk of his car and found 25 ounces of marijuana and a rifle with a magazine that had a 17-round capacity. Based on those undisputed facts, the district court did not clearly or obviously err in applying a base level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B), which applies to offenses that involve a firearm with a large capacity magazine. *See* § 2K2.1(a)(4)(B); § 2K2.1, comment. (n.2). We are unpersuaded by McGruder's argument that the district court clearly or obviously erred because the rifle magazine was only loaded with five rounds. *See United States v. Evans*, 958 F.3d 1102, 1108 (11th Cir. 2020). The district court also did not clearly or obviously err in applying a four-level enhancement pursuant to § 2K2.1(b)(6)(B) based on McGruder's possession of a firearm in connection with another felony offense. *See Alcantar*, 733 F.3d at 147; § 2K2.1(b)(6)(B); § 2K2.1, comment. (n. 14). *United States v. Jeffries*, 587 F.3d 690, 693-94 (5th Cir. 2009), is inapposite.

AFFIRMED.