# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2021

Lyle W. Cayce
Clerk

No. 19-51170
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STUART KYLE MAYFIELD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-173-2

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:[*]

Stuart Kyle Mayfield appeals his sentence of 57 months of imprisonment following his guilty plea conviction of possession of a firearm by a felon. He contends that the district court erred by (1) applying the two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for possession of three

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

firearms and the four-level enhancement under § 2K2.1(b)(6)(B) for possession of any firearm or ammunition in connection with another felony offense.   This court reviews the district court's "application of the Guidelines *de novo* and [its] factual findings—along with the reasonable inferences drawn from those facts—for clear error." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

Mayfield lived in a home with his girlfriend, Brandi Moore, where they shared a bedroom.  Mayfield argues that the § 2K2.1(b)(1)(A) enhancement is inappropriate because his constructive possession over the two additional firearms found in that bedroom was never established.  When determining how many firearms were involved in an offense, the district court should include all "firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed[.]" § 2K2.1, comment. (n.5).  "Possession of a firearm may be actual or constructive." *United States v. Hagman*, 740 F.3d 1044, 1048 (5th Cir. 2014).  "In cases of joint occupancy, this court will find constructive possession only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the illegal item." *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) (internal quotation marks and citation omitted).  We have recognized that determination of constructive possession is fact-specific and requires application of commonsense. *Id.*

Here, a commonsense, fact-based approach supports the conclusion that Mayfield had constructive possession over the two additional firearms. The two firearms were located in a cabinet in his bedroom that he shared with his girlfriend, a room that he likely utilized on a daily basis and the contents of which were unlikely to have escaped his knowledge.  *See United States v. Smith*, 591 F.2d 1105, 1107 (5th Cir. 1979) (firearms located in the drawer of

a nightstand in the bedroom he shared with his wife). While the firearms were located in a cabinet in the bedroom (and, therefore, not visible to a passing stranger), there is nothing in the record that suggests the firearms were inaccessible or hidden from Mayfield's view were he to open the cabinet or evidence specifically showing that Mayfield's girlfriend was the owner of the firearms (unlike a rifle which she contended was hers). *Cf. United States v. Mergerson*, 4 F.3d 337, 348-49. Furthermore, the firearms were located in close proximity to 37 grams of methamphetamine, a distributable amount, as well as methamphetamine distribution supplies. Mayfield does not deny knowledge of the methamphetamine and distribution supplies. In cases of drug distribution, a firearm in close proximity to a quantity of drugs supports the reasonable inference that possession of the firearm was to protect the drugs kept. *United States v. Condren*, 18 F.3d 1190, 1198-200 (5th Cir. 1994). Thus, it is plausible that Mayfield had knowledge of and access to the firearms that were located in his bedroom. *See Meza*, 701 F.3d at 419. As a result, the application of § 2K2.1(b)(1)(A) was not clearly erroneous. *See Alcantar*, 733 F.3d at 146.

Mayfield further argues that because he did not constructively possess the firearms found in the bedroom that were in close proximity to drugs, the § 2K2.1(b)(6)(B) enhancement does not apply. However, because the district court did not clearly err in determining that Mayfield had constructive possession of the two firearms found in his bedroom, Mayfield's argument fails. The methamphetamine and distribution supplies were in close proximity to the firearms because they were found in the same bedroom. *See Alcantar*, 733 F.3d at 147-48. Thus, application of § 2K2.1(b)(6)(B) was not clearly erroneous. *See* § 2K2.1, comment. (nn.14(B)(ii), (C)); *Alcantar*, 733 F.3d at 146; *United States v. Jeffries*, 587 F.3d 690, 692-93 (5th Cir. 2009).

Accordingly, the judgment of the district court is AFFIRMED.