# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2022

Lyle W. Cayce
Clerk

No. 21-50220
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DUSTIN COLBY VAUGHN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-250-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Dustin Colby Vaughn pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), and was sentenced to 71 months of imprisonment and three years of supervised release. He appeals, challenging the district court's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

application of an enhancement for possession of a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6)(B).

When a claim has been preserved, as in this case, we review the district court's application of the Guidelines de novo and its fact findings for clear error. *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *see also United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021). If a factual finding "is plausible in light of the record as a whole," then it is not clearly erroneous. *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009) (internal quotation marks and citation omitted).

Section 2K2.1(b)(6)(B) provides for a four-level enhancement when a defendant "used or possessed any firearm or ammunition in connection with another felony offense." When the other felony is a drug trafficking offense, the adjustment automatically applies if a "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." § 2K2.1, comment. (n.14(B)(ii)); *Jeffries*, 587 F.3d at 692. The Government alleged that Vaughn possessed a firearm in connection with the possession of methamphetamine with intent to distribute, which is a drug trafficking offense. *See Alcantar*, 733 F.3d at 147; *see also* 21 U.S.C. § 841(a)(1).

In this case, a police officer testified that he used a Facebook profile for a fictitious woman named "Stacy" to communicate with Vaughn. As "Stacy," the officer requested a "ball" of methamphetamine, which Vaughn agreed to deliver. The officer testified that a "ball" is typically about three to four grams. When Vaughn arrived at the arranged meeting place in possession of a firearm and 4.7 grams of methamphetamine, the officer arrested him.

Vaughn argues that the methamphetamine he possessed was for personal use. However, in light of the officer's testimony, the district court's findings—that Vaughn was planning to give at least some of the

methamphetamine to another person and was thus engaged in possession of methamphetamine with intent to distribute—were plausible in light of the record as a whole. *See Jeffries*, 587 F.3d at 692-93; *see also* § 841(a)(1). The firearm was found in close proximity to the methamphetamine. *See* § 2K2.1, comment. (n.14(B)(ii)). Therefore, the four-level § 2K2.1(b)(6)(B) enhancement applied. *See Jeffries*, 587 F.3d at 692.

Given the foregoing, the judgment of the district court is AFFIRMED.