# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2022

Lyle W. Cayce
Clerk

No. 21-50771
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NATHAN SERGEI MYERS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-48-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Nathan Sergei Myers was sentenced to 63 months of imprisonment after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, he contends that the district court clearly erred in applying a four-level enhancement under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50771

U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with a drug trafficking offense. Myers argues that there was no evidence of a connection between any firearms and the drugs and that the district court erred in deferring to the commentary to the Sentencing Guidelines in light of the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). We need not address the effect of *Kisor* on the Sentencing Guidelines in general or Application Note 14(B) of § 2K2.1 in particular because, as discussed below, there was sufficient evidence for the district court to find a connection between the drugs and the firearms without the presumption of facilitation set forth in Application Note 14(B).

The determination that a firearm was used or possessed in connection with another felony offense pursuant to § 2K2.1(b)(6)(B) is a factual determination that we review for clear error. *United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021). There is no clear error if a factual finding is plausible in light of the record as a whole. *United States v. Huerta*, 994 F.3d 711, 714 (5th Cir. 2021).

The Sentencing Guidelines provide for a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6)(B). "[T]he enhancement applies, in general, 'if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense.'" *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (quoting § 2K2.1, comment. (n.14(A))). In determining whether possession of a firearm facilitated or had the potential to facilitate a felony offense, the facts of the case must demonstrate that the firearm in question emboldened the offense or served to protect the contraband. *United States v. Jeffries*, 587 F.3d 690, 695 (5th Cir. 2009). Despite Myers's assertions to the contrary, the record reflects that he was distributing heroin and methamphetamine from his residence, a 9mm pistol and a shotgun were readily accessible from within his residence, and a confidential informant,

No. 21-50771

who later conducted a controlled purchase, advised the police that Myers "was also in possession of a small pistol." Because the determination that Myers possessed a firearm in furtherance of a drug trafficking offense is plausible in light of the record as a whole, the district court did not clearly err in imposing a four-level enhancement under § 2K2.1(b)(6)(B). *See Huerta*, 994 F.3d at 714.

Accordingly, the judgment of the district is AFFIRMED.