# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-30459
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Duane Huntsberry,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CR-224-1

_____

Before Jolly, Jones, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Duane Huntsberry appeals his 120-month sentence for possession of a firearm by a convicted felon. He contends that the district court erred in applying an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because the record does not establish that he possessed a firearm in connection with

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

another felony offense.  We review Huntsberry's unpreserved argument for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court's determination that Huntsberry possessed controlled substances with the intent to distribute is plausible in light of the record as a whole.  *See United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009).  The record also supports a plausible inference that Huntsberry's firearm possession facilitated, or had the potential of facilitating, his drug trafficking offense.  *See id.* at 694-95.  Accordingly, Huntsberry has not established that the district court clearly or obviously erred in applying the § 2K2.1(b)(6)(B) enhancement.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.