# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2026

Lyle W. Cayce
Clerk

No. 25-40332
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN MARION LEBLANC, III,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:24-CR-44-1

_____

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

John Marion LeBlanc, III, pleaded guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced, *inter alia*, to a within-Guidelines 162-months' imprisonment. He contends the court erred by applying sentencing

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

enhancements under Guidelines § 2K2.1(b)(6)(B), (b)(1)(A), and (b)(4)(A). (Described *infra*, the Guidelines at issue are the 2024 version.).

Because LeBlanc did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, LeBlanc must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

LeBlanc first challenges the court's applying Guideline § 2K2.1(b)(6)(B) (possessing firearm in connection with another felony offense). He contends, *inter alia*, that this enhancement was improperly imposed because he: did not constructively possess the firearms in question; and was not involved in drug-trafficking. The presentence investigation report (PSR) provides that, two days before the offense at issue, officers responded to a call at a local bar where individuals in the same vehicle were refusing to leave. As the officers approached the vehicle, they observed LeBlanc and another individual moving frantically and moving their hands down towards the floorboard. The officers found two firearms in the vehicle: one on the passenger seat, and another on the passenger-side floorboard. The officers also found cocaine in the vehicle, tying the firearms to drug-trafficking. LeBlanc did not rebut these facts provided in the PSR, and, accordingly, cannot show the requisite clear-or-obvious error. *See United States v. Guzman-Reyes*, 853 F.3d 260, 266 (5th Cir. 2017); *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009). Because this provides a sufficient basis for the § 2K2.1(b)(6)(B) enhancement, we need not consider his contention concerning the offense of deadly conduct.

No. 25-40332

Regarding LeBlanc's challenging the enhancement under Guideline § 2K2.1(b)(1)(A) (offense involving three to seven firearms), he raises the same constructive-possession contention he made for the above-discussed Guideline § 2K2.1(b)(6)(B) enhancement. Because that contention fails under plain-error review and he concedes he possessed the firearm resulting in the 18 U.S.C. § 922(g) conviction at issue, he cannot show the requisite clear-or-obvious error.

Finally, his challenging the enhancement under Guideline § 2K2.1(b)(4)(A) (stolen firearm involved in offense) also fails under plain-error review because it is grounded in the same above-discussed constructive-possession assertion.

AFFIRMED.