# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10362
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

UNDRAL DEWAYNE JERNIGAN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-224-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Undral Dewayne Jernigan contests his 110-month sentence, imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922 (g)(1), 924 (a)(2). He contends the district court clearly erred in applying a four-level Sentencing Guideline § 2K2.1(b)(6)(B) enhancement, based on finding the firearm was found in close proximity to drugs and drug paraphernalia during a drug-trafficking offense. He

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

maintains:  he was not involved in such an offense; and the firearm did not facilitate his drug possession.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  "In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error."  *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) (citation omitted).  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole."  *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (internal quotation marks and citation omitted).

Guideline § 2K2.1(b)(6)(B) provides for a four-level increase if defendant "used or possessed any firearm . . . in connection with another felony offense".  Guideline § 2K2.1(b)(6)(B).  The enhancement applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense".  Guideline § 2K2.1, cmt. n.14(A).  "'[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia' the enhancement automatically applies because the Sentencing Commission has concluded that 'the presence of the firearm has the potential of facilitating' these types of offenses".  *United States*

*v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009) (emphasis omitted) (quoting U.S.S.G. § 2K2.1 cmt. n.14(B)(ii)).

Jernigan disputes the district court's conclusion he was engaged in a drug-trafficking offense based on the evidence presented at sentencing. At the time of his arrest, Jernigan was in possession of a revolver, 22.4 grams of heroin, synthetic marijuana (K-2), several plastic bags, and a bottle labeled Mannitol, a known cutting agent used in the manufacture and delivery of narcotics. A law-enforcement agent testified at sentencing that the heroin was worth approximately $800 to $900. Jernigan had an extensive criminal history, including a prior conviction for drug distribution, and admitted to dealing drugs in the past. Further, Jernigan had been unemployed for over a month at the time of his arrest. It is not implausible, in the light of the record as a whole, that Jernigan intended to distribute the heroin he possessed. *See Alcantar*, 733 F.3d at 146–48. Therefore, the court did not clearly err in applying the § 2K2.1(b)(6)(B) enhancement because the preponderance of the evidence supports the conclusion Jernigan was engaged in drug trafficking. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

AFFIRMED.