# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20319
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HEBER OROZCO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-21-1

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Heber Orozco pleaded guilty to one count of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), and he was sentenced to 100 months of imprisonment. He now appeals the four-level enhancement to his offense level for possessing firearms in connection with another felony offense—specifically, possession of cocaine—pursuant to U.S.S.G. § 2K2.1(b)(6)(B). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20319

Orozco argues that the district court erred by imposing the § 2K2.1(b)(6)(B) enhancement because the enhancement is improper when the defendant possesses only a small quantity of drugs, and there is no other evidence of drug trafficking. *See United States v. Jeffries*, 587 F.3d 690, 692–93 (5th Cir. 2009). Because Orozco did not object to the four-level enhancement, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). This court has held that a question of fact that could have been resolved upon proper objection cannot constitute plain error. *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Accordingly, based on our current precedent, the district court's factual findings concerning the enhancement cannot constitute plain error. *Id.*

However, we need not rely on this precedent because Orozco has not shown that the district court plainly erred in imposing the four-level enhancement. To establish plain error, Orozco must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Section 2K2.1(b)(6)(B) provides that the offense level for a firearms offense should be increased by four levels "[i]f the defendant . . . used or possessed any firearm . . . in connection with another felony offense." A § 2K2.1(b)(6)(B) enhancement "automatically applies" if the other felony offense is a "drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because . . . the presence of the firearm has the potential of facilitating these types of offenses." *Jeffries*, 587 F.3d at 692 (internal quotation marks and citation omitted). The enhancement does not automatically apply when the

other felony offense is possession of a user quantity of drugs, and there is no evidence of "current or recent drug distribution or sales." *Jeffries*, 587 F.3d at 693. When the other felony offense involves simple possession and no evidence was presented to show that the defendant was a drug trafficker, "the evidence (under a preponderance of the evidence standard) must support a finding that the firearm facilitated" the possession of drugs or had the potential to do so. *Id.* at 694-95 (quote at 694). The district court should make a finding of facilitation or such a finding must be "plausible in light of the record as a whole." *Id.* at 694-95 (quote at 695).

Orozco's argument depends on the facts that he was charged only with possession of cocaine and the police officers did not discover any "drug trafficking equipment." However, the charged offense is not dispositive because the requisite "felony offense" need not result in a criminal charge or a conviction and may be derived from relevant conduct. § 2K2.1, comment. (n.14(C), (E)). The federal offense of drug trafficking has three elements: (1) knowingly (2) possessing a controlled substance (3) with intent to distribute. *United States v. Williamson*, 533 F.3d 269, 277 (5th Cir. 2008). This court has held that intent to distribute may be proven by "mere possession of a quantity of drugs inconsistent with personal use." *Id.* at 277-78 (quote at 277) (internal quotation marks and footnote omitted). The four-level enhancement automatically applies when the other felony offense is drug trafficking and the firearm is found in close proximity to drugs. § 2K2.1, comment. (n.14(B)(ii)). Taking the relevant conduct of the instant offense into account, Orozco possessed three loaded firearms in proximity to 23.68 grams of pills believed to contain methamphetamine, 1 gram of a powdery substance believed to be cocaine, 60.14 grams of confirmed cocaine, and $4,400 in cash. Orozco also claimed that he did not use any illicit drugs other than marijuana, indicating

that the drugs discovered were not intended for his personal use.  The facts showed that Orozco possessed more than a personal use quantity of drugs, and thus, the district court could have concluded that he intended to distribute the drugs, meaning that the four-level enhancement would automatically apply. *See Williamson*, 533 F.3d at 277; § 2K2.1, comment. (n.14(B)(ii)).  Because this inference is "plausible in light of the record as a whole," the district court did not need to make an affirmative finding of facilitation, and a remand is not required to allow the court to make an affirmative finding.  *Jeffries*, 587 F.3d at 694-95 (quote at 695).

The judgment of the district court is AFFIRMED.