**UNITED STATES of America, Plaintiff–Appellee**

v.

**Jorge BOLANOS, Defendant–Appellant.**

**No. 10–40181**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 14, 2010.

---

\* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jorge Bolanos pleaded guilty to one count of importing less than 50 kilograms of marijuana. The district court imposed a sentence of 37 months of imprisonment.

█ Bolanos contends that the district court erred by failing to articulate factual findings at sentencing to support its denial of a role adjustment under U.S.S.G. § 3B1.2. The requirement that the district court articulate a sufficient factual basis for the denial of a minor role adjustment can be satisfied through implicit findings, such as when the district court adopts the presentence report. *See United States v. Gallardo–Trapero,* 185 F.3d 307, 324 (5th Cir.1999). Because the district court adopted the presentence report in this matter, there was no error. *See id.*

As an alternative ground for relief, Bolanos argues that a minor role adjustment was warranted because he was less culpable than other participants in the offense. He maintains that he was eligible for the reduction because he was merely a courier who was controlled by others involved in the drug smuggling operation.

Whether Bolanos was a minor participant is a factual determination that is reviewed for clear error. *See United States v. Villanueva,* 408 F.3d 193, 203 (5th Cir. 2005). There is no clear error if the factual finding is "plausible in light of the record read as a whole." *Id.* The district court's refusal to grant a § 3B1.2 reduction is entitled to great deference. *United States v. Devine,* 934 F.2d 1325, 1340 (5th Cir.1991).

Mary Jane Harmon, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Jorge Bolanos, Minersville, PA, pro se.

---

Here, Bolanos was convicted of a single act of importing marijuana into the United States, and his sentence was based solely on the marijuana seized from the vehicle he was driving. "[W]hen a sentence is based on an activity in which the defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor or minimal." *United States v. Garcia,* 242 F.3d 593, 599 (5th Cir.2001). Because Bolanos's role was co-extensive with the conduct for which he was held accountable, he was not entitled to a minor role reduction even if his role may have been less than that of others in the larger drug smuggling operation. *See id.* at 598–99.

The judgment of the district court is AFFIRMED.