# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2024

Lyle W. Cayce
Clerk

_____

No. 23-50056

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Sandra Maldonado,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-172-2

_____

Before Stewart, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Sandra Maldonado claims two errors occurred concerning the sentence she received in connection with dealing meth: (1) that the District Court erred in its relevant conduct calculation by including amounts of meth dealt by her boyfriend, Efrain Vela, and (2) that the District Court erred by not giving her a two-level minor role reduction in her sentencing guideline calculation. Maldonado did not raise either of these issues before the District

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Court, so we review for plain error. That review confirms that no clear or obvious error occurred concerning either of these issues. We AFFIRM.

## I. Background

Maldonado moved to Odessa, Texas two years ago and began a relationship with Vela, eventually moving into an RV together with their child and Maldonado's other two children from prior relationships. Vela dealt meth out of the RV, and Maldonado admitted to knowing as much and, at times, dealing it herself. One day, however, she sold meth to a confidential informant ("CI"), leading to her conviction.

Here's what happened: On August 19, 2022, the Odessa Police Department set up a controlled buy where a CI would purchase meth out of the couple's RV. The CI contacted Vela to set up the purchase, but upon arriving received a text from Vela informing him/her that Vela could not make it. Vela told the CI to instead purchase the meth from Maldonado. The CI approached the RV and gave Maldonado $600 in exchange for just over 50g of meth as she held a child in her arms.

This exchange served as the basis for a search warrant. Police soon arrived and, after securing Vela (who returned by then), another woman, and the children, conducted a search. Inside, they found Maldonado hiding in the shower, about 150g of meth, drug paraphernalia consistent with meth usage, packaging consistent with the receipt of approximately 1lb of meth from a supplier, and over $2,400 in cash.

Maldonado pled guilty two months later, and at her plea hearing admitted the facts in the factual basis were "accurate, true, and correct." She also admitted that she sold over 50g or more of meth to the CI as well as to helping Vela sell meth on other occasions. The District Court accepted Maldonado's plea without objections.

She appeared for sentencing three months after that, affirming that she and her attorney had reviewed, discussed, and did not object to the presentencing report ("PSR"). The District Court stated that it reviewed the PSR, found it to be accurate, and adopted its guidelines sentencing range of 87–108 months. Maldonado argued for a downward variance of 60 months, which the government opposed. The District Court sentenced Maldonado to the very bottom of the adopted PSR range: 87 months. She appealed.

## II. Plain-Error Review

As Maldonado concedes, she did not object to the District Court's sentence on either of her contested issues, so plain-error review applies. *United States v. Horton*, 993 F.3d 370, 375 (5th Cir. 2021). Plain-error review involves four prongs, each of which must be satisfied before we may intervene: (1) "there must be an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations and internal quotations omitted) (alterations and emphasis in original).

"Relief under the plain-error standard 'will be difficult to get, as it should be.'" *United States v. Figueroa-Coello*, 920 F.3d 260, 264 (5th Cir. 2019) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)). "The focus of plain error review should be 'whether the severity of the error's harm demands reversal,' and not 'whether the district court's action deserves rebuke.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 423

(5th Cir. 2012) (en banc) (alterations and quotation omitted). Both of Maldonado's challenges fail at the second prong.

## III. The District Court did not Plainly Err in its Relevant Conduct Calculations

## A. We assume, Without Deciding, that the District Court Erred in its Relevant Conduct Calculation.

To succeed in the first prong, Maldonado must show "an error that has not been intentionally relinquished or abandoned." *United States v. Mims*, 992 F.3d 406, 409 (5th Cir. 2021) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). Maldonado first claims that the District Court erred by holding her accountable for Vela's drug sales as part of its relevant conduct calculations without making requisite findings. Under plain-error review, we need not decide whether the District Court did indeed err because we can assume, without deciding, that an error occurred. *See United States v. Alvarado-Martinez*, 713 F. App'x 259, 265–66 (5th Cir. 2017) (unpublished) (assuming, without deciding, that error occurred and addressing why the error was not plain); *United States v. Andaverde-Tinoco*, 741 F.3d 509, 518 (5th Cir. 2013) (addressing first and second prongs of plain-error review together as one inquiry). We thus assume *arguendo* that the District Court erred—meaning that Maldonado satisfied the first prong—and continue with the remaining three prongs.

## B. But the Assumed Error is neither Clear nor Obvious, so Maldonado's Challenge Fails.

Maldonado argues that the District Court plainly erred by failing to make the requisite findings to support its relevant conduct calculation, which included holding her accountable for quantities of meth sold by Vela. We determine a drug defendant's base offense level by the quantity of drugs involved in her underlying offense—here Maldonado's conviction for

possessing with intent to distribute 50 grams or more of methamphetamine. *See* U.S.S.G. § 2D1.1(a)(3). That calculation includes both the drugs for which a defendant is directly responsible *and* the drugs that can be attributed to her participation in a conspiracy as relevant conduct. *See* U.S.S.G. § 1B1.3(a)(1). The Sentencing Guidelines also provide that uncharged drug quantities may be considered in determining a defendant's base offense level. U.S.S.G. § 2D1.1, cmt. n.5 (citing U.S.S.G. § 1B1.3(a)(2)). And relevant conduct includes all reasonably foreseeable acts of coconspirators committed in furtherance of the conspiracy. *United State v. Cooper*, 274 F.3d 230, 241 (5th Cir. 2001) (citing U.S.S.G. § 1B1.3(a)(1)(B)).

District Courts must make three factual determinations to support a defendant's sentence for participation in a drug conspiracy: (1) when the defendant joined the conspiracy, (2) what quantities of drugs were within the scope of the agreement, and (3) what quantities of drugs the defendant could reasonably foresee being distributed by the conspiracy. *Id.* We "have allowed district court[s] to make implicit findings by adopting the PSR," where "the findings in the PSR are so clear that the reviewing court is not left to 'secondguess' the basis for the sentencing decision." *Horton*, 993 F.3d at 375 (quoting *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994)). Maldonado bears the burden of demonstrating that the information in the PSR relied on by the District Court is materially untrue. *United State v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). Maldonado's challenge to the District Court's drug quantity/relevant conduct determination is a fact issue that is not "clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Horton*, 993 F.3d 370, 375 (5th Cir. 2021) (quoting *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009); *United States v. Johnson*, 14 F.4th 342, 349 (5th Cir. 2021) (noting that relevant conduct is a fact issue).

Here, Maldonado admitted that the facts in her factual basis were true, accurate, and correct and that she did not object to the PSR which relied on those facts. The PSR noted that Maldonado lived with Vela in the trailer home from which she sold drugs to the CI, and knew Vela dealt meth. It also included an admission by Maldonado to conspiring with Vela to distribute meth by participating in the controlled purchase *as well as other occasions*. And it included a description of what officers found in the couple's home, such as fresh drug wrappings, caches of meth, and $2,400 in cash in denominations consistent with drug dealing.

The PSR also noted that Vela admitted he messaged Maldonado for her help in completing the controlled purchase from the CI. Alongside the controlled purchase, Vela said he had distributed almost two pounds of meth in the few days prior to the controlled purchase. Maldonado agreed these facts were true, correct, and accurate in the factual basis she executed as part of her guilty plea. The PSR thus held Maldonado responsible for this amount as well.

Maldonado claims that the District Court erred by not making particularized findings of fact supporting her responsibility for this amount. But she presented no evidence to refute the PSR's facts (indeed, she admitted to the factual basis that served as the PSR's foundation and never objected to the PSR), so the District Court properly adopted the PSR's facts and relevant conduct calculations without further inquiry. *Alford*, 142 F.3d at 832. Our review of the record confirms that the facts contained within the PSR are supported by a preponderance of reliable evidence. *See Carreon*, 11 F.3d at 1241 ("[T]he government need only establish sentencing facts (unlike the elements of the crime) by a preponderance of the evidence."). And the District Court's findings do not leave us to "secondguess" the basis for its relevant conduct decision. *Horton*, 993 F.3d at 375. Thus, the assumed error

concerning the District Court's relevant conduct calculations is neither clear nor obvious. Maldonado's challenge fails.

## IV. The District Court did not Plainly Err in Denying Maldonado a Minor Role Reduction

Maldonado next contends that the District Court erred by not implementing a minor role reduction in her sentencing. Notably, the PSR did not recommend this reduction and Maldonado failed to object to the PSR; this appeal is the first time she raises this argument. As before, we will assume *arguendo* that the District Court erred and move on to plain error review's second prong, asking whether the District Court's assumed error concerning this reduction was clearly or obviously erroneous. *Supra* III. It wasn't.

Like the relevant conduct calculation, the minor role reduction at issue here is a finding of fact that is not "clearly erroneous as long as it[s] exclusion" is plausible considering the record as a whole. *Jeffries*, 587 F.3d at 692; *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error). Maldonado bears the burden of proving that a downward adjustment based on minor or minimal role is warranted. *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).

U.S.S.G. § 3B1.2 provides for a mitigating role adjustment to a defendant's offense level calculation in two ways: (a) a four-point reduction if the defendant was a "minimal" participant, or (b) a two-point reduction if the defendant was a "minor" participant. U.S.S.G. § 3B1.2. A § 3B1.2 "minor participant" is defined as "a defendant . . . who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. A "minimal participant" "plays a minimal role in the criminal activity . . . [and] cover[s] defendants who are plainly among the least culpable of those involved in the conduct of

a group." U.S.S.G. § 3B1.2, cmt. n.4. A "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is [therefore] indicative of a role as a minimal participant." *Id.*

A review of "the totality of the circumstances controls the determination of whether to apply a minimal participant, minor participant, or intermediate adjustment." U.S.S.G. § 3B1.2, cmt. n.3(C). The determination is thus "heavily dependent upon the facts of the particular case." *Id.* A 2015 amendment to § 3B1.2 added a list of non-exhaustive factors for the sentencing court's consideration in determining whether to apply minor, minimal, or intermediate role adjustment. *See Torres-Hernandez*, 843 F.3d at 207 (discussing same). These factors include:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 cmt. n.3(C).

Maldonado argues that she should receive a minor role reduction, claiming that she sold meth to the CI only at Vela's request and that "nothing suggests she was any more involved in those sales" where she admits having

assisted Vela. She further urges that she "simply followed her boyfriend's directive," that there was "no evidence that [she] planned or organized any transaction," or that she benefitted from any of the sales. But the facts that she admitted to in the factual basis, and later failed to object to when they served as the PSR's foundation, show otherwise.

Maldonado admitted that she had the intent to distribute the meth that she gave to the CI for $600. She also admitted that she "assist[ed] Vela in distributing methamphetamine on other occasions but would not specify how many times." The factual basis also noted that, after Maldonado completed the controlled purchase and officers served the warrant, she was found hiding in the shower after Vela, another woman, and three children exited the RV. The home contained drug wrapped, caches of meth, and $2,400 in cash consistent with drug dealing. Vela, post-*Miranda* warning, admitted that he told Maldonado to sell the meth to the CI and that he had sold nearly two more pounds of meth just two days beforehand—facts Maldonado confirmed in her admissions.

Additionally, Maldonado had been unemployed for three years and was caring for an infant, so it is plausible that she was home often enough to be aware of the drug-dealing occurring there. Indeed, without Vela's drug distribution scheme and her role in it, she would have been without any other means of support, thus deriving monetary and lifestyle benefits from meth dealing.

The PSR, which Maldonado did not object to, contained further context: Maldonado conducted the meth transaction with the CI with a child in her arms. And the meth caches in the home were "easily accessible to the children" living there, placing them "in immediate danger." In the end, the PSR held Maldonado accountable for the meth she sold to the CI as well as that contained in the home and sold by Vela two days before the arrest.

Overall, "[i]t is not enough that defendant 'does less than other participants; in order to qualify as a minor participant, a defendant must have been *peripheral* to the advancement of the illicit activity.'" *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (quoting *United States v. Miranda*, 248 F.3d 434, 446–47 (5th Cir. 2001)) (emphasis added). And while the District Court did not explicitly state its reasons for adopting the PSR's role calculation, it did not have to. The "requirement that the district court articulate a sufficient factual basis for the denial of a minor role adjustment can be satisfied through implicit findings, such as when the district court adopts the presentence report." *See United States v. Bolanos*, 480 F. App'x 756, 757 (5th Cir. 2010) (unpublished) (citing *United States v. Gallardo–Trapero*, 185 F.3d 307, 324 (5th Cir. 1999)). Here, the PSR's factfinding and recommendations were plausible and supported by reliable and unrebutted evidence, such as that discussed above. *See Bolanos*, 480 F. App'x at 757 (because the minor role adjustment is a finding of fact, clear error cannot exist if the role's exclusion is plausible considering the record as a whole). Thus, the assumed error concerning the minor role reduction is neither clear nor obvious. Maldonado's challenge fails.

## V. Conclusion

The District Court neither clearly nor obviously erred concerning its relevant conduct calculations and Maldonado's desired minor role reduction. We AFFIRM.