# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2024

Lyle W. Cayce
Clerk

No. 23-50922

United States of America,

*Plaintiff—Appellee*,

*versus*

Longino Lopez Flores, IV,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CR-17-1

_____

Before Wiener, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Longino Lopez Flores, IV, pleaded guilty to possessing a firearm after a felony conviction. The district court enhanced Flores's sentence because he possessed the firearm in connection with methamphetamine possession. We affirm.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50922

I.

On September 6, 2021, Temple Police Department officers attempting to serve a warrant on Flores observed him leaning into the trunk of a BMW registered in his name. As he was arrested, Flores instructed two nearby women to take items from the car, which the officers prevented. The officers then searched the BMW and discovered a black case containing twenty-three grams of meth, a loaded Luger 9mm pistol, a clear baggie of marijuana, and a cell phone.

Flores pleaded guilty to being a felon in possession of a firearm. In the presentence investigation report ("PSR"), the probation officer included a sentence enhancement because Flores possessed the pistol in connection with a felony drug possession offense. The offense level, together with Flores's violent criminal history, rendered a United States Sentencing Guidelines ("Sentencing Guidelines") range of 51 to 63 months. The government requested an upper-end sentence of 63 months, which the district court imposed.

Flores timely appealed. We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Luyten*, 966 F.3d 329, 332 (5th Cir. 2020). "[T]he district court may draw reasonable inferences from the facts, and we . . . . may affirm on any ground supported by the record." *Id.*

II.

Section 2K2.1(b)(6)(B) of the Sentencing Guidelines provides a four-level enhancement for a conviction under 18 U.S.C. § 922(g)(1) when "the defendant used or possessed any firearm . . . in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B). When the other felony offense is drug possession, the firearm is connected if it "facilitated[] or had the potential of facilitating" the drug possession. *Id.* at cmt. n.14(A). This

requirement is satisfied if the firearm was present for protection or to embolden the actor. *See United States v. Jeffries*, 587 F.3d 690, 695 (5th Cir. 2009) (citing *United States v. Jenkins,* 566 F.3d 160, 164 (4th Cir. 2009)).

Flores contends the record is insufficient to support the enhancement. We disagree. The PSR and sentencing memorandum show that Flores stored his loaded pistol in the same case as the twenty-three grams of meth.[1] Officers were also informed that, only a few nights before the arrest, shots had been fired between Flores and his brother.

From these facts, the district court could have reasonably inferred that Flores's firearm had at least "the potential" to protect his considerable meth stash. In particular, the storage of the loaded Luger in the same case as a substantial amount of meth supports the inference that the gun's presence was not a mere fortuity. *Compare Jenkins,* 566 F.3d at 164 ("To say that the only evidence of facilitation in this case was the evidence of simultaneous possession implies that the presence of the firearm was the result of mere 'accident or coincidence,' which certainly was not the case." (citation omitted)), *with  Jeffries,* 587 F.3d at 691–94 (concluding the record was too sparse to support the enhancement when officers discovered only "a single rock of crack cocaine" on the floor of a car and apart from the firearm), *and United States v. Garza*, No. 22-20338, 2023 WL 3918993, at *4 (5th Cir. June 9, 2023) (per curiam) (unpublished) (holding the record was insufficient to support the enhancement when it merely showed the defendant "possessed

---

[1] In general, PSRs and sentencing memoranda are sufficiently reliable to support factual findings at sentencing, and Flores did not present any evidence to contest their accuracy here. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (per curiam) ("Mere objections to such supported facts are generally insufficient."); *United States v. Bates*, No. 99-40360, 2000 WL 1672709, at *4 n.3 (5th Cir. Oct. 17, 2000) (per curiam) (unpublished) ("The district court can ... rely upon the sentencing memorandum[] . . . .").

No. 23-50922

the drugs and firearm at the same time"). Accordingly, the district court did not clearly err in imposing the sentencing enhancement.[2]

AFFIRMED.

_____

[2] We therefore need not reach the government's argument, raised for the first time on appeal, that the significant meth amount itself plausibly connects the firearm to a felony trafficking offense.